The opinion of the Court was delivered by
Tilghman C. J.
The point to be decided in this case, is, whether a legal settlement can' be gained by the payment of county taxes only. This depends on the 17th section of the “ act for the relief of the poor,” passed 9th March, 1771. (1 Smith's Laws, 332.) The words of the law are as follows : “ If any person shall be charged with, and pay his or her share towards the public taxes, or levies for the poor, of the said city, borough, township, or place (of which he or she is an inhabitant,) for two years successively, such person shall be adjudged and deemed to gain a legal settlement in the said city.” &c. &c.
These words admit of two constructions, 1. that a settlement -may be gained, by paying either the public taxes, or the levies of the poor. 2. That a settlement can be gained, by paying those taxes which are laid for the support of the poor only. On this construction, the words, taxes, and levies, are synonimous — - but on the first construction, by public taxes, is understood State taxes, or county taxes ; and not levies for the poor. On the first reading of this law, one is apt to be struck with an impression, that a settlement can be gained only by paying the poor tax; because there seems to be a propriety in ordering, that those only should have the benefit of the poor tax, who had contributed to the support of the poor. But upon further reflection, it is difficult to assign a reason for refusing a settlement to those who have contributed to the public wants, in a greater degree, than if they had paid a poor tax, that is to say, by payment of a State, or county *418 tax, which generally are much higher in amount than the poor tax; although, for some time past, we have had no State tax. And the difficulty is increased when we consider that in some townships, there are no paupers, and conse<luen,:^ no Poor tax ’ s0 t^at a man ma)' have paid large sums towards the State and county taxes, without a possi0f gajnxng a settlement. If then the case rested solely on the words of this act of assembly, without light derived from any other source, the mind would be left very much in doubt, as to its true meaning. But fortunately, there is another source, which throws sufficient light on this subject to render it plain. We find in our statute book, two other acts for the relief of the poor, prior to the act now in question ; one passed in the year 1717 ; (Weiss & Miller’s Laws, vol. i. p. 72,) the other, passed in the year 1734, (same book, p. 138.) By both these acts, a person might gain a settlement, by being charged with, and paying his share towards the county taxes, or levies for the poor. It is evident, that county taxes are here distinguished from levies for the poor, and the payment of either gained a settlement. But in the act of 1771, the expression, county taxes, is altered to public taxes. We are therefore immediately led to enquire into the reason of this alteration ; and a most satisfactory answer is given'by the late Judge Biddle, in his opinion, in the case of Middletown (in Bucks county) against Abington, (in Montgomery county,) decided in the year 1793. In the years 1717 and 1734, says Judge Biddle, when the two ' first acts were passed, there was no Provincial tax, and therefore a settlement was gained by payment of a county tax. But in 1771, there was a Provincial tax, and it was therefore right that a settlement should be gained by paying either a Provincial or a county tax; and therefore, the legislature used the word public, instead of county, meaning to compre- ■ hend in that expression, both Provincial and county taxes. I have examined Weiss Miller’s edition of the laws, published in 1762, containing all the acts from the year .1700, to 1759, which were in force at the time of the publication, and the titles of all such as had been passed during that period, and were expired or repealed; and from all that I have been able to find, Judge Biddle was correct, in stating, that there were no Provincial taxes in 1717 or 1734. I am therefore quite satisfied, that the decision in the case of *419 Middletown v. Abington, was right, and that a settlement may be gained by payment of county taxes only. The judgment of the Mayor’s Court therefore, in the present case, should be affirmed,
Judgment affirmed.