The opinion of the court was delivered by
Tilghman, C. J.
By the act for the relief of the poor, passed the 9th March, 1771, Sect, 17, it is enacted, “that if any person who shall come to inhabit in the city of Philadelphia, or in any borough, township or place, in this province, shall, for himself, and on his own account, execute any public office, being legally-placed therein, in the said city, borough, township or place, during one whole year, or if any person shall be charged with, and pay his or *181 her share towards the public taxes, or levies for the poor of the said city, borough, township or place, for two years successively, such person shall be adjudged and deemed to gain a legal settlement,” &c. It was once a question whether the payment of any but a poor tax gained a settlement under this law; but this court decided, in the case of Bucks County v. Philadelphia, 5 Serg. & Rawle, 417,.that a settlement might be gained by the payment pf a county tax, that being a public tax. It is now contended, that a direct tax, laid by the congress of the United States, is a public tax, and therefore, a settlement is gained by the payment of it. Undoubtedly it is a public tax, but it does not follow, that it was within the intent of the act of assembly. It could not have been contemplated by the legislature of Pennsylvania, in the year 1771, that a political revolution would take place, in consequence of which, this state would be associated with a number of others, in a federal government. A tax of this kind could not, therefore, have been directly intended. But it is said, that neither could any tax have been directly intended, which should be laid under the authority of the state, for .county purposes, after she threw off the authority of the British crown, and became independent. There' is a great difference, however, between taxes laid by the authority of the state, for her own particular use, and for the use of a government, composed of many states, of which she is a member. And there is much more reason for considering the former as within the meaning of the act of 1771, than the latter. State taxes, county taxes, and poor taxes, laid since the revolution, are applied to precisely the same purposes as they were before it. So far as respected them, the change of government was but nominal. There was reason, therefore, to conclude, that as to them, á settlement should continue to be gained under the state, as it had formerly been Under the province of Pennsylvania. But a tax laid by the federal government is quite a different thing, and laid for quite different purposes. The money may be applied to purposes in which the state1 has but a remote concern;, nor can if in any sense, (so far as respects' Pennsylvania,) be considered as a public tax, except that the people of the state have consented,, that congress should have power to lay it. To be sure, it is of a public nature, and it is'lawfully laid. But it is not, in any point of view, a state tax, and therefore, it soems to me, it would be straining the act of 1771, to an unaccountable extent, to make it embrace a taxi of this kind. It has nothing local in its nature, and there is no reason why the payment of it should throw the burthen of a pauper’s maintenance on one township, rather than on another’. There is another reason why the payment of this tax should not gain a settlement. In order to preserve uniformity of principle,- if we say,that payment of an United States tax, gains a settlement, we must say also, that executing an office under the United States, would gain one; a proposition *182 which'could hardly be seriously contended for. If the legislature should think it politic to annex the right of a settlement, to the payment of a tax laid by the United States, a law will, no doubt, be made for that purpose. In the meantime, it would be usurping the legislative functions, for. this court to say, that such right was given by the act of 1771. I ani of opinion, therefore, that the order of the Court of Quarter Sessions should be quashed, and the order of the justices affirmed.
Order of the Court of Quarter Sessions quashed,'and the order of the justices affirmed.